UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSICA CRYSTAL LIRA,

                Petitioner,

    v.

MARKWAYNE MULLIN et al.,

                Respondents.

CASE NO. 2:26-cv-02064-DGE

ORDER GRANTING MOTION
FOR TEMPORARY RESTRAINING
ORDER (DKT. NO. 2)

Petitioner filed a petition for writ of habeas corpus seeking relief from detention. (Dkt. No. 1.) Simultaneously, Petitioner filed an emergency motion for temporary restraining order ("TRO") seeking to enjoin Respondents from housing Petitioner in a male detention unit and from removing Petitioner from the United States during the pendency of this action. (Dkt. No. 2 at 1–2.) The Court hereby GRANTS IN PART Petitioner's motion for TRO.

## I    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, a 22-year-old transgender woman, is a citizen and national of Nicaragua who entered the United States on December 31, 2022. (Dkt. No. 1 at 6.) Petitioner was apprehended by the Department of Homeland Security and released on humanitarian parole pursuant to 8

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 1

U.S.C. § 1182(d)(5). (*Id.*) Petitioner's parole was set to expire by its own terms on March 3, 2023. (Dkt. No. 1-3 at 2.) Since arriving in the United States, Petitioner has married. Her spouse is a United States citizen, disabled veteran who suffered injury while on tour in Iraq in 2006. (Dkt. No. 1 at 2.). Petitioner has a pending asylum application as well as a pending family-based immigration application based on her marriage to a United States citizen. (Dkt. No. 1 at 2, 6.)

On May 22, 2026, during a scheduled check-in, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") and transferred to the Northwest ICE Processing Center ("NWIPC"), where she remains today. (*Id.* at 2.) Respondents have housed Petitioner in a male unit, "even though she is a transgender woman who lives identifies herself as a woman." (*Id.* at 7.) Because she is housed around male detainees, Petitioner "experiences ongoing fear for her safety and well-being," as other detainees regularly fail to use her preferred pronoun or name. (*Id.*) According to her attorney Adam Boyd, Petitioner told him "that when she thinks about remaining in the facility she contemplates self harm." (Dkt. No. 2-2 at 2.) In an updated declaration, counsel for Petitioner asserted that Petitioner is being held in isolation, with male detainees housed immediately around her. (Dkt. No. 4 at 2.) Petitioner reports that "male detainees in her immediate vicinity regularly yell at her;" although "they are not in direct physical contact with her, their proximity and conduct continue to cause [her] fear, humiliation, and distress." (*Id.*) Petitioner asserts Respondents have told her that she is not eligible to be moved into general population and she must instead remain in isolation, which Petitioner alleges also causes significant harm. (*Id.*)

The motion for TRO indicates counsel will notify Respondents of the motion for TRO at USAWAW.ImmigrationHabeasService@usdoj.gov pursuant to this Court's General Order 10-

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 2

25, but "given the unique circumstances" of Petitioner's case, counsel requests an *ex parte* order. (Dkt. No. 2 at 2.). Respondents have since filed a notice of intent to oppose the motion (Dkt. No. 6) and the Court is satisfied that Petitioner has informed Respondents of the underlying habeas petition and the motion for TRO.

## II   LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance of a TRO. To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). "The third and fourth factors . . . merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Courts consider the same factors when ruling on a motion for TRO as a motion for preliminary injunction. *See Stuhlbarg Int'l Sales Co. Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the analysis for a TRO and a preliminary injunction are "substantially identical").

The Ninth Circuit has also articulated an alternative "sliding scale" approach pursuant to which the first and third *Winter* factors are analyzed on a continuum; under such standard, a weaker showing on the merits, combined with a stronger demonstration on the balancing test, might warrant preliminary injunctive relief, assuming the second and fourth Winter elements are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–1135 (9th Cir. 2011). Under this "sliding scale" method, the movant need only raise "serious questions going to the merits," but

the balance of hardships must tip "sharply" in the movant's favor. *Id.* at 1131–1132*; see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012).

A motion for TRO seeks mandatory relief when it asks a court to order a party to take action. *Garcia v. Google, Inc*. 786 F.3d 733, 741 (9th Cir. 2015) ("relief is treated as a mandatory injunction because it orders a responsible party to take action" (internal quotations omitted)). It goes beyond maintaining the status quo *pendente lite*. *Id*. Such relief is disfavored and "should not issue in 'doubtful cases.'" *Id*. (quoting *Park Vill. Apartment Tenant Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)).

### III    ANALYSIS

Petitioner requests that the Court enjoin Respondents from housing Petitioner in a male detention unit and from removing her from the United States during the pendency of this action. (Dkt. No. 2 at 1–2.) As to the latter issue, the Court has issued its general scheduling order, which requires Respondents to provide Petitioner "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed)" prior to any action to move or transfer Petitioner from the Western District of Washington or to remove her from the United States. (Dkt. No. 3 at 2.) The Court reaffirms the scheduling order; Petitioner cannot be transferred or removed without proper notice, **which must be filed on the docket**. Therefore, Petitioner's request to enjoin Respondents from removing her or transferring her is DENIED AS MOOT and may be reasserted if Respondents provide notice of an intent to transfer Petitioner.

As to Petitioner's former request, that the Court enjoin Respondents from housing her in a male unit of the NWIPC, the Court GRANTS the motion for TRO. The Ninth Circuit considers the likelihood of success on the merits as "'the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors[.]"

*Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citation omitted).  Even if a likelihood of success is not established, a TRO may be appropriate "if a movant raises 'serious questions going to the merits' and the 'balance of hardships . . . tips sharply towards' it, as long as the second and third *Winter* factors are satisfied."  *Id.* (quoting *Cottrell*, 632 F.3d at 1134–1135).

Based on the current facts before the Court, Petitioner has raised at least serious questions going to the merits as to whether Petitioner is being detained in violation of due process.  Courts in this district have consistently concluded that an individual such as Petitioner who has been released on parole under § 1182(d)(5)(A) and has lived with relative freedom in the United States for a number of years, has a protected interest in not being detained.  *See Dieng v. Hermosillo*, No. 2:26-CV-00190-LK, 2026 WL 411857, at *3–5 (W.D. Wash. Feb. 13, 2026); *Zavorin v. Wamsley*, No. 2:26-CV-00173-DGE, 2026 WL 309733, at *2–3 (W.D. Wash. Feb. 5, 2026); *Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at* 3-5 (W.D. Wash. Jan. 20, 2026); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. Sept. 12, 2025).  District courts in the Ninth Circuit have also recognized that a "petitioner's liberty interest [does] not expire along with his parole." *Quiroga-Chaparro v. Warden of the Golden State Annex. Det. Facility*, No. 1:25-CV-1731 AC, 2025 WL 3771473, at *5 (E.D. Cal. Dec. 31, 2025); *see also Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025); *Ramirez Tesara*, 800 F. Supp. 3d at 1136-1137.  In other words, where a non-citizen is allowed to remain at liberty even after parole having expired by its own terms, the non-citizen's liberty interest remains.

Furthermore, the balance of hardships tips sharply in Petitioner's favor.  First, the threat of unconstitutional detention on its own constitutes an irreparable injury.  *See Hernandez v.*

*Sessions*, 872 F.3d 976, 994 (2017).  Based on the circumstances presented, there is a serious question about unconstitutional detention and therefore the existence of irreparable harm.  Second, as a transgender woman housed in isolation surrounded by male detainees who apparently verbally harass her, Petitioner is exposed to "psychological injury, humiliation, harassment, and ongoing fear for her physical safety."  (Dkt. Nos. 2 at 5; 4 at 2.)  Petitioner has already been subjected to ridicule and humiliation related to her gender identify, and the possibility of remaining detained in these conditions has caused Petitioner to experience thoughts of self-harm.  (*Id.* at 6.)

Accordingly, the Court ORDERS as follows:

1.  Petitioner's motion for TRO (Dkt. No. 2) is GRANTED IN PART.  Respondents are temporarily RESTRAINED from housing Petitioner in a male detention unit or in solitary confinement.  If Respondents cannot meet these requirements, Respondents are ORDERED to release Petitioner while the parties litigate the merits of this motion.

2.  Respondents SHALL file a status report within **TWENTY-FOUR (24) HOURS** indicating whether Respondents removed Petitioner from the male detention unit, or whether they released Petitioner from detention.

3.  Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents.  Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on a briefing schedule for the motion for TRO.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.

1. If the Parties cannot reach agreement on the briefing schedule, then the briefing schedule for Plaintiffs' motion for TRO SHALL be as follows:

    a. Respondents' response brief is due no later than June 15, 2026 at 5:00 p.m.

    b. Petitioner's reply brief is due no later than June 17, 2026 at 12:00 p.m.; and

    c. Oral argument is set for June 17, 2026 at 1:30 p.m. in Courtroom B before the undersigned.

This Order is issued at 6:50 p.m. and shall expire no later than 14 days from the date of issuance.

Dated this 12th day of June, 2026.

David G. Estudillo
United States District Judge